1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2418
3  Telephone Number: (408) 294-ADR
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
6  JARRETH TAKESHI CHAN

**Filed**

MAY 3 1 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-filing

8              IN THE UNITED STATES DISTRICT COURT
9            FOR THE NORTHERN DISTRICT OF CALIFORNIA
               SAN FRANCISCO/OAKLAND DIVISION

10  JARRETH TAKESHI CHAN,                 Case No. CV12-02783  DMR

11                                        **COMPLAINT**
                      Plaintiff,
12        v.                              **DEMAND FOR JURY TRIAL**

13  CREDITOR IUSTUS ET REMEDIUM, LLP,     15 United States Code § 1692 *et seq.*
14  D/B/A CIR LAW OFFICES, LLP, a         California Civil Code § 1788 *et seq.*
    California limited liability partnership;
15  MICHAEL J. MIXER, individually and in his
    official capacity,
16
17                    Defendants.

18         Plaintiff, JARRETH TAKESHI CHAN, based on information and belief and investigation of

19  counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are

20  alleged on personal knowledge), hereby makes the following allegations:

21

22                            **I. INTRODUCTION**

23         1.    This is an action for actual damages, statutory damages, attorney fees and costs

24  brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act,

25  15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act,

26  California Civil Code § 1788, *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from

27  engaging in abusive, deceptive and unfair practices.

28

2. According to 15 U.S.C. § 1692:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and

---

[1] Cal. Civil Code § 1788.1(a)(1).

supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### III. VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Contra Costa County.

### V. PARTIES

8. Plaintiff, JARRETH TAKESHI CHAN (hereinafter "Plaintiff"), is a natural person residing in Contra Costa County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9. Defendant, CREDITOR IUSTUS ET REMEDIUM, LLP, D/B/A CIR LAW OFFICES, LLP (hereinafter "CIR") is a California limited partnership engaged in the business of collecting debts in this state with its principal place of business located at: 8665 Gibbs Drive, Suite 150, San Diego, California  92123.  CIR may be served as follows: Creditor Iustus et Remedium, LLP, c/o Tara Muren, Managing Partner, 8665 Gibbs Drive, Suite 150, San Diego, California  92123.  The

principal business of CIR is the collection of debts using the mails and telephone and CIR regularly attempts to collect debts alleged to be due another. CIR is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10.     Defendant, MICHAEL JOHN MIXER (hereinafter "MIXER"), is a natural person and licensed attorney in the state of California and is or was an employee and/or agent of CIR at all relevant times. MIXER may be served at his current business address at:  Michael John Mixer, Creditor Iustus et Remedium, LLP, 8665 Gibbs Drive, Suite 150, San Diego, California  92123.  The principal purpose of MIXER's business in the collection consumer debts due or alleged to be due another. MIXER is regularly engaged in the business of collecting consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet.   MIXER is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11.     At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

12.     On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account with GE Money Bank (hereinafter "the alleged debt").  Plaintiff specifically denies that any debt actually exists or is owed.  The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code §

1788.2(f).

13.    Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was sold, assigned or otherwise transferred to Portfolio Recovery Associates, LLC.

14.    Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

15.    On or about June 8, 2011, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, Contra Costa County captioned *Portfolio Recovery Associates, LLC v. Jarreth Chan*, Case No. CIVMSL11-04929 (hereinafter the " *Portfolio v. Chan* complaint"), which sought to collect $10,888.14 in damages, plus interest and attorney's fees according to proof.

16.    A true and accurate copy of the *Portfolio v. Chan* complaint is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

17.    The *Portfolio v. Chan* complaint (Exhibit "1") falsely states that Plaintiff became indebted directly to Portfolio Recovery Associates, LLC.

18.    The *Portfolio v. Chan* complaint (Exhibit "1") falsely states that: "Plaintiff (name): PORTFOLIO RECOVERY ASSOCIATES, LLC alleges that defendant (name): JARRETH CHAN became indebted to plaintiff within the last four years on an open book account for money due."

19.    At no time has Plaintiff had an open book account with Portfolio Recovery Associates, LLC, nor has Plaintiff ever opened any account with Portfolio Recovery Associates, LLC.

20.    The *Portfolio v. Chan* complaint (Exhibit "1") falsely states that "Plaintiff (name): PORTFOLIO RECOVERY ASSOCIATES, LLC alleges that defendant (name): JARRETH CHAN became indebted to plaintiff within the last four years for goods, wares, and merchandise sold and

delivered to defendant and for which defendant promised to pay plaintiff the sum of $10,888.14."

21. At no time did Portfolio Recovery Associates, LLC, sell or deliver goods, wares or merchandise to Plaintiff for which Plaintiff agreed to pay Portfolio Recovery Associates, LLC.

22. At no time did Plaintiff become directly indebted to Portfolio Recovery Associates, LLC, as alleged in the *Portfolio v. Chan* complaint (Exhibit "1").

23. Plaintiff is informed and believes, and thereon alleges, that the *Portfolio v. Chan* complaint (Exhibit "1") misrepresented the character, amount and legal status of the alleged debt.

24. Plaintiff is informed and believes, and thereon alleges, that the *Portfolio v. Chan* complaint (Exhibit "1") misrepresented the compensation which may be lawfully received by Defendants for the collection of the alleged debt.

25. The *Portfolio v. Chan* complaint (Exhibit "1") bears the electronic signature of Defendant, MIXER.

26. The *Portfolio v. Chan* complaint (Exhibit "1") represented or implied that Plaintiff's account had been reviewed by Defendant, MIXER.

27. Plaintiff is informed and believes, and thereon alleges, that MIXER did not conduct a professional review of Plaintiff's account before drafting and filing the *Portfolio v. Chan* complaint (Exhibit "1") and sending it to the Plaintiff. *See Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

28. Plaintiff is informed and believes, and thereon alleges, that the *Portfolio v. Chan* complaint (Exhibit "1") misrepresented the role and involvement of legal counsel.

29. Plaintiff is informed and believes, and thereon alleges, that the *Portfolio v. Chan* complaint (Exhibit "1") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

30.   By drafting and filing the *Portfolio v. Chan* complaint (Exhibit "1"), Defendants attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken.

31.   After being served with the *Portfolio v. Chan* complaint (Exhibit "1"), Plaintiff retained legal counsel to defend him, thereby incurring actual damages in the form of attorney's fees and costs.  See, *Venes v. Professional Service Bureau, Inc.*, 353 N.W.2d 671, 675 (Minn. Ct. App. 1984).

32.   As a result of Defendant's abusive debt collection practices, Plaintiff has incurred actual damages in an amount to be determined at trial.

33.   Plaintiff is informed and believes, and thereon alleges, that Defendants have filed and served standard form complaints in the form of Exhibit "1" on more than 40 persons in California in the one year preceding the filing of this Complaint.  Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

34.   Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

35.   Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

36.   Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

37.   Defendant, CIR, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

38.   Defendant, MIXER, is a "debt collector" as that term is defined by the FDCPA, 15

U.S.C. § 1692a(6).

39.    The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

40.    Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

a.    Defendants made and used false, deceptive and misleading representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

b.    Defendants misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

c.    Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(B);

d.    Defendants falsely represented or implied that attorney MIXER had professionally reviewed Plaintiff's account when MIXER had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

e.    Defendants falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

f.    Defendants misrepresented the true source or nature of the communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10);

g.    Defendants attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10); and

h.    Defendants attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by

law, in violation of 15 U.S.C. § 1692f(1).

41.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

42.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

43.    Plaintiff brings the second claim for relief against Defendant, CIR, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

44.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

45.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

46.    Defendant, CIR, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

47.    The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

48.    Defendant, CIR, has violated the RFDCPA.  The violations include, but are not limited to, the following:

      a.    CIR made and used false, deceptive and misleading representations in an attempt to collect the alleged debt, in violation of Cal. Civil Code § 1788.17;[2]

      b.    CIR misrepresented the character, amount or legal status of the alleged debt,

---

[2]  15 U.S.C. §§ 1692e and 1692e(10).

in violation of Cal. Civil Code § 1788.17;[3]

      c.    CIR misrepresented the compensation which may be lawfully received by Defendants for the collection of the alleged debt, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17;[4]

      d.    CIR falsely represented or implied that attorney MIXER had professionally reviewed Plaintiff's account when MIXER had not done so, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[5]

      e.    CIR falsely represented the role and involvement of legal counsel, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[6]

      f.    CIR misrepresented the true source or nature of the communication, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[7] and

      g.    CIR attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of Cal. Civil Code §§ 1788.13(e) and 1788.17;[8] and

      h.    CIR attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17.[9]

    49.    Defendant, CIR's, acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

    50.    As a result of CIR's violations of the RFDCPA, Plaintiff is entitled to an award of

---

[3] 15 U.S.C. § 1692e(2)(A).
[4] 15 U.S.C. § 1692e(2)(B).
[5] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[6] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[7] 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).
[8] 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).
[9] 15 U.S.C. § 1692f(1).

actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

51.   As a result of CIR's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

52.   As a result of CIR's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.17.[10]

53.   As a result of CIR's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[11]

54.   Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)   Assume jurisdiction in this proceeding;

b)   Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(3), 1692e(5), 1692e(10) and 1692f(1);

c)   Declare that Defendant, CIR, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(e), 1788.13(i), 1788.14(b), 1788.16 and 1788.17;

d)   Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

e)   Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15

---

[10]   15 U.S.C.§ 1692k(a)(2)(A).
[11]   15 U.S.C.§ 1692k(a)(3).

U.S.C. § 1692k(a)(2)(A);

f)   Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

g)   Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17;[12]

h)   Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[13] and 1788.30(c); and

i)   Award Plaintiff such other and further relief as may be just and proper.


CONSUMER LAW CENTER, INC.


By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
JARRETH TAKESHI CHAN

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

---

[12]  15 U.S.C. § 1692k(a)(2)(A).
[13]  15 U.S.C. § 1692k(a)(3).

1

## **DEMAND FOR JURY TRIAL**

2

PLEASE TAKE NOTICE that Plaintiff, JARRETH TAKESHI CHAN, hereby demands a trial

3

by jury of all triable issues of fact in the above-captioned case.

4

/s/ Fred W. Schwinn

5

Fred W. Schwinn, Esq.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLD-C-001

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>CIR LAW OFFICES, LLP<br>MICHAEL J. MIXER, Esq.                   Bar#: 99073<br>TARA MUREN, Esq.                            Bar# 260154<br>8665 GIBBS DR STE 150, SAN DIEGO CA 92123   File No.: 355088-0<br>  TELEPHONE NO.  (800)-496-8909    FAX NO. *(Optional):*  (858)-496-5977<br>E-MAIL ADDRESS *(Optional):*<br>  ATTORNEY FOR *(Name):*  PORTFOLIO RECOVERY ASSOCIATES,  LLC | **FILED**<br>**2011 JUN -8  P 6: 28**<br>K. TORRE, CLERK OF THE SUPERIOR COURT<br>COUNTY OF CONTRA COSTA<br>BY _____ DEPUTY CLERK |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF  CONTRA COSTA**<br>  STREET ADDRESS:  725 COURT STREET<br>  MAILING ADDRESS:  725 COURT STREET<br>  CITY AND ZIP CODE:  MARTINEZ CA 94553<br>  BRANCH NAME:  MARTINEZ | |
| **PLAINTIFF:** PORTFOLIO RECOVERY ASSOCIATES,  LLC<br><br>**DEFENDANT:** JARRETH CHAN<br><br>[X] DOES 1 TO  10 | **SUMMONS ISSUED** |
| **CONTRACT**<br>[X] **COMPLAINT**      [ ] **AMENDED COMPLAINT** *(Number):*<br>[ ] **CROSS-COMPLAINT**  [ ] **AMENDED CROSS-COMPLAINT** *(Number):* | PER LOCAL RULE 5 THIS<br>CASE IS ASSIGNED TO<br>DEPT __19__ |
| **Jurisdiction** *(check all that apply):*<br>[X] **ACTION IS A LIMITED CIVIL CASE**<br>  **Amount demanded**   [ ] **does not exceed $10,000**<br>                  [X] **exceeds $10,000 but does not exceed $25,000**<br>[ ] **ACTION IS AN UNLIMITED CIVIL CASE  (exceeds $25,000)**<br>[ ] **ACTION IS RECLASSIFIED by this amended complaint or cross-complaint**<br>  [ ] **from limited to unlimited**<br>  [ ] **from limited to limited** | CASE NUMBER:<br><br>**L 1 1 - 0 4 9 2 9** |

1. Plaintiff* *(name or names):*
   PORTFOLIO RECOVERY ASSOCIATES,  LLC

   alleges causes of action against **defendant*** *(name or names):*
   JARRETH CHAN

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. a. Each plaintiff named above is a competent adult
      [X] except plaintiff *(name):* PORTFOLIO RECOVERY ASSOCIATES,  LLC
         (1) [X] limited liability company
         (2) [ ] an unincorporated entity *(describe):*
         (3) [ ] other *(specify):*

   b. [ ] Plaintiff *(name):*
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

      b. [ ] has complied with all licensing requirements as a licensed *(specify):*
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
      [ ] except defendant *(name):*                      [ ] except defendant *(name):*
         (1) [ ] a business organization, form unknown       (1) [ ] a business organization, form unknown
         (2) [ ] a corporation                               (2) [ ] a corporation
         (3) [ ] an unincorporated entity *(describe):*       (3) [ ] an unincorporated entity *(describe):*
         (4) [ ] a public entity *(describe):*                (4) [ ] a public entity *(describe):*
         (5) [ ] other *(specify):*                           (5) [ ] other *(specify):*

**EXHIBIT**

**1**

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.                              Page 1 of 2

PLD-C-001

| SHORT TITLE:<br>PORTFOLIO RECOVERY ASSOCIATES,   LLC   v. JARRETH CHAN | CASE NUMBER: |
|---|---|

4.   *(Continued)*

    b. The true names of defendants sued as Does are unknown to plaintiff.

        (1) [X] Doe defendants *(specify Doe numbers):* 1 TO 10 _____ were the agents or employees of the named
             defendants and acted within the scope of that agency or employment.

        (2) [X] Doe defendants *(specify Doe numbers):* 1 TO 10 _____ are persons whose capacities are unknown to
             plaintiff.

    c. [ ] Information about additional defendants who are not natural persons is contained in Attachment 4c.

    d. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. [ ] Plaintiff is required to comply with a claims statute, **and**

    a. [ ] has complied with applicable claims statutes, *or*

    b. [ ] is excused from complying because *(specify):*

6. [ ] This action is subject to [ ] Civil Code section 1812.10 [ ] Civil Code section 2984.4.

7. This court is the proper court because

    a. [ ] a defendant entered into the contract here.

    b. [ ] a defendant lived here when the contract was entered into.

    c. [X] a defendant lives here now.

    d. [ ] the contract was to be performed here.

    e. [ ] a defendant is a corporation or unincorporated association and its principal place of business is here.

    f. [ ] real property that is the subject of this action is located here.

    g. [ ] other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or
more causes of action attached):*

    [ ] Breach of Contract

    [ ] Common Counts

    [ ] Other *(specify):*

9. [ ] Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a. [X] damages of: $ 10,888.14

    b. [X] interest on the damages

        (1) [X] according to proof

        (2) [ ] at the rate of *(specify):* _____ percent per year from *(date):*

    c. [X] attorney's fees

        (1) [ ] of: $

        (2) [x] according to proof.

    d. [X] other *(specify):*

        For such other and further relief as the court may deem proper.

11. [ ] The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 06/02/2011

CIR LAW OFFICES, LLP
_____
(TYPE OR PRINT NAME)

   ▶   *Michael J Miller* (signature)
_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(2)

| SHORT TITLE:<br>PORTFOLIO RECOVERY ASSOCIATES, LLC v. JARRETH CHAN | CASE NUMBER: |
| --- | --- |

<u>2ND</u>      **CAUSE OF ACTION—Common Counts**
*(number)*

ATTACHMENT TO [X] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name)*: PORTFOLIO RECOVERY ASSOCIATES, LLC

    alleges that defendant *(name)*: JARRETH CHAN

    became indebted to   [X] plaintiff   [ ] other *(name)*:

  a. [X] within the last four years
        (1) [X] on an open book account for money due.
        (2) [ ] because an account was stated in writing by and between plaintiff and defendant in which it
            was agreed that defendant was indebted to plaintiff.

  b. [X] within the last  [ ] two years  [X] four years
        (1) [ ] for money had and received by defendant for the use and benefit of plaintiff.
        (2) [ ] for work, labor, services and materials rendered at the special instance and request of defendant and for which
            defendant promised to pay plaintiff
            [ ] the sum of $
            [ ] the reasonable value.
        (3) [X] for goods, wares, and merchandise sold and delivered to defendant and for which defendant
            promised to pay plaintiff
            [X] the sum of $  10,888.14
            [ ] the reasonable value.
        (4) [ ] for money lent by plaintiff to defendant at defendant's request.
        (5) [ ] for money paid, laid out, and expended to or for defendant at defendant's special instance and
            request.
        (6) [ ] other *(specify)*:

            for credit card purchases and/or cash advances on the credit account issued by
            Plaintiff for which Defendant was billed monthly and failed to dispute as required
            under the Federal Fair Billing Act applicable to such account (IS USC Section
            et Seq.)

CC-2. $ 10,888.14      , which is the reasonable value, is due and unpaid despite plaintiff's demand,

    plus prejudgment interest  [X] according to proof  [ ] at the rate of       percent per year

    from *(date)*:

CC-3. [X] Plaintiff is entitled to attorney fees by an agreement or a statute
      [ ] of $
      [X] according to proof.

CC-4. [ ] Other:

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001(2) [Rev. January 1, 2007] | **CAUSE OF ACTION—Common Counts** | Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov |
| --- | --- | --- |

American LegalNet, Inc.
www.FormsWorkflow.com